IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Charlie Banks | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Firstsource Advantage, LLC | ) | |
| 205 Bryant Woods Drive | ) | |
| Amerherst, NY 14228 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Firstsource Advantage, LLC, brings this action to secure redress from unlawful collection practices engaged in by Defendant, GC Services Limited Partnership  Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker v. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

7. Recently, the Seventh Circuit Court of Appeals stated that the "safe harbor" language given in *Miller v. McCalla, Raymer Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) is not a defense to situations that can not legally come to pass. Recently, the Seventh Circuit Court of Appeals weighed into the statement in paragraph 24 that it is not a protection to use this language when an outcome is being suggested that is impossible to come to pass. *Boucher v. Fin. Sys. Of Green Bay, Inc.*, No. 17-2308, (7th Cir., 2018).

## JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

9. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

10. Plaintiff, Charlie Banks (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

11. Plaintiff is a resident of the State of Illinois

12. Defendant, Firstsource Advantage, LLC ("Defendant"), is a Florida business entity with an address of 205 Bryant Woods Drive, Amherst,

NY 14428, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

13. Unless otherwise stated herein, the term "Defendant" shall refer to Firstsource Advantage, LLC.

14. At some point, the original creditor, sold this debt to Defendant for debt collection.

15. The primary operation of Defendant is the collection of debt.

## ALLEGATIONS

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4080.63 (the "Debt") to American Express.

17. The Debt was purchased, assigned or transferred or referred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

19. On or about May 25, 2018, Plaintiff received the attached initial communication from Defendant. See Exhibit A.

20. Furthermore, said letter goes on to state "[A]s of the date of this letter, you owe $4080.60. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you." See Exhibit A.

21. Legally, there can be no "other charges" on this American Express account; the terms do not allow for that.

22. Defendant threatens that the balance will increase if a payment of $144 is not made by May 20, 2018.

23. As stated above, the Plaintiff did not receive the letter until May 25, 2018.

24. There is no way Plaintiff could make such a payment by this deadline.

## STANDING AND INJURY

25. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
26. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
27. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
28. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
30. The Defendant's conduct violated 15 U.S.C. Section 1692e by suggesting an outcome that is a legal impossibility.
31. The Defendant's conduct violated 15 U.S.C. Section 1692e by misleading Plaintiff as to the character of the debt.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222

Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff